I'd like the attorneys to step up to the podium. I'd like for you to tell the court your name, who you represent, and approximately how long your argument will take. Let's start with the appellant. Good morning, Counsel. Good morning, Your Honor. My name is Robert Deisinger. I'm here on behalf of the Appellant, Federal National Mortgage Association. I expect my argument to take 10 to 15 minutes. Are you going to reserve any time for rebuttal? I don't anticipate reserving time for rebuttal. I think I get rebuttal time. Maybe five minutes?  Very good. Good morning, Counsel. Good morning. I'm Julian Henricus. I represent the city of Chicago. We would request 15 minutes for the argument for the city. Very good. Mr. Deisinger, why don't you proceed with your argument? May it please the Court. As I stated, my name is Robert Deisinger. I'm here on behalf of Fannie Mae. The questions before the Court today are primarily questions of law. The questions of fact in the case are primarily undisputed. As background, J.P. Morgan Chase had a mortgage on the subject property in question in his action. The city brought a demolition action while J.P. Morgan Chase had a foreclosure action pending. The foreclosure completed first. At that time, following that, title to the property transferred to Fannie Mae. Did Fannie Mae bid at the foreclosure sale? No. No, they did not. They were assigned the certificate of sale subsequently. And title passed to Fannie Mae after that. Following that, the city non-suited its demolition action as to the prior owner, John Selechik, and joined Fannie Mae as a defendant in the demolition action. The city then obtained a demolition judgment against Fannie Mae and unknown owners and non-recorded clients. That was a default? It was a default, yes. I'm not sure. Do you know whether, I didn't see a copy in the record. Do you know whether that's in the record or not? The order. The order. A formal order of default? Yes. No. I do not believe one has been entered, finding Fannie Mae a default for failure to answer. It was found in the court, but there's no order, you're saying? Well, in fact, the court entered a judgment against... No order of default, just went to judgment. Right. So the question now is, following the judgment, the demolition judgment, the city waited seven years and then effectuated that judgment by undertaking its demolition. They recorded their lien for demolition and then went back to the trial court, the demolition court, and asked for the entry of a cost judgment against Fannie Mae. But the order said that it could come back, didn't it? It did say that, but the court can't allow something by order that's not permitted by the statute. The court can't simply waive a line and allow the city to do something that's not otherwise authorized by law. Did Fannie Mae object to the entry of the order? It did. Yes. It objected to the entry of the cost order, if that's what you mean, Justice. Yes. Yes, because on two grounds. First, that it's not the owner of the property, and second, that the city didn't undertake the proper procedural mechanism to obtain such a judgment. So they were an owner at the time of the original judgment? Well, they were entitled, but whether they were an owner for purposes of the Demolition Act is an open question that's at issue in this appeal. The city claims that Fannie Mae, by virtue of its ownership of the property, which is not disputed, is an owner for purposes of the statute. Fannie Mae's position is that the term owner wasn't defined in the statute and should not be construed as to include Fannie Mae, notwithstanding that that's the common phrasing of the word owner. Well, why would Fannie Mae not be included in the word owner? Well, the city's complaint alleged that John Selichik was the owner, not Fannie Mae. The city joined Fannie Mae as a defendant, but it never amended its complaint to say now Fannie Mae is the owner. And Fannie Mae's ownership... What kind of... Just as a defendant. As a defendant without saying its connection to the case? Right. In the complaint? Right. So when Fannie Mae objected, Fannie Mae said, okay, you're doing this wrong. First of all, this is not the mechanism by which you obtain a judgment. The municipal code, section 11-31-1, provides three ways to obtain a cost judgment for demolition costs. A precondition to all three of these is that you have to perfect your demolition. That's not in this appeal. The city did that within the timeframe required by statute. However, once you do that, you have to go one of three routes. First, if you requested that the trial court, the demolition court, reserve jurisdiction to foreclose that demolition lien, then the trial court retains jurisdiction to foreclose the lien and can enter a cost judgment on that after the demolition. So when the trial court retains jurisdiction to foreclose the lien, the foreclosure proceedings are actually conducted in the demolition court? Right. Yes. Alternatively, the court can... I'm sorry, the city could bring a separate foreclosure action to foreclose its demolition. The third way, which is the way that Fannie Mae insisted must have been done in this case, is that the city has to bring a new and separate action under Article II of the Code of Civil Procedure against the owner or owners of the property. And Fannie Mae, again, contends that it is not an owner or owners of the property because it divested itself of ownership two and a half years before the city undertook the demolition. So before the property is actually demolished, there is no lien on the property? That's my understanding, yes. Now, there's no mechanism either in the Illinois Municipal Code or relevant provisions of the city municipal code for entry of a cost judgment by motion. Now, the city argued in its appeal brief that neither the state or municipal law precludes the entry of a cost judgment in the demolition action. But that formulation is backwards. It's not a question of what is prohibited by the statute, but rather what is authorized. The codes both say that the owner or owners can be held liable for the cost of demolition. The code provides the three methods already described. The city code is silent. Fannie's position is that the cost judgment can only be obtained by using these three methods expressly permitted by the municipal code. Now, the city also argued that Section 11-31A of the Illinois Municipal Code expressly permits the court to enter an impersonal judgment for costs without perfecting its lien or bringing a new action. But this interpretation is not supported by the statute. The parties agree that the court can't read into the statute anything beyond the plain language of the statute. And that subsection does not explicitly authorize the entry of a cost judgment by motion. The code doesn't provide for such an action. It's in subsection G that requires the city to bring a new case. And they just didn't do that here. That subsection would be rendered meaningless if the city could simply ask the court to enter a judgment by motion in the original action. There's no reason for the city to ever bring such an action. The city argued in a footnote in its brief that there could be a scenario where they didn't obtain personal jurisdiction over the homeowner when it sought to undertake a demolition. But that argument ignores the effect of section 2-206 of the Code of Civil Procedure which permits for service by publication in any case affecting an interest of property. That's exactly like this case here. So whether or not the city used the correct procedural mechanism to obtain a judgment, they may ought not to be liable because it is not an owner or a previous owner of the property as contemplated by statute. Well, if it wasn't an owner, then how could it sell something? Well, I'm not saying that it didn't have... You have to concede that something was sold to a third party, right? And they were named as a defendant as well. I'm sorry, I don't know. The woman's name. Right. I'm not disputing that it's being made only the property. It has to be simple. So they own the property during the time, in fact, during the time when the judgment was entered. So why wouldn't they be liable? Because they could go against any of the owners. Why couldn't they go against any of the owners? The statute defines... The statute allows you to name owner or owners of the property and any lien holders as party defendants. So the city alleged in its complaint that Johnson Ledgwick was an owner and J.P. Morgan Chase had a mortgage. For the city to now assert that parties taking out of the foreclosure are liable for the damage to the property effectuated by the prior owner, the foreclosed mortgage owner, is contrary to public policy in the state of Illinois. The state of Illinois in the foreclosure law expressly says we want foreclosures to go as fast as possible when there's abandoned or dilapidated property. And so to affix liability to the mortgagee or its assigns because it took title out of the foreclosure is contrary to that state of policy because to do that discourages foreclosing mortgagees from expediting their foreclosure actions. Even though the statute says owner or owners and Fannie Mae was an owner, they can't hold you liable. That's our position. That we're not an owner under the statute because we did not own the property at the time the complaint was filed. Wait, let me just let you say that. The statute says in section A that the costs are recoverable from the owner or owners of the real estate or the previous owner or both if the property was transferred during the 15-day notice period and is a lien on the real estate. But the word owner itself is not defined. And our position is that the city named Selichick as the owner. If the city wanted to recover from the owner the cost of liability, it should have gone after Selichick. He's the guy that caused the problem. He's the guy that somebody else could buy from him. Let's say there wasn't a foreclosure. He could have sold it to somebody else. He could have. And they have sat on it. Right. And so under your reasoning, that second person was probably the owner. Well, the city would have to amend its complaint to allow that person is now liable for that. The city didn't do that. So what your argument is basically that the complaint failed to name you as an owner and that failure to name you as an owner prohibits them from going after you as an owner. That's part of it, yes. The other part of it is that the family didn't own the property at any of the times that were relevant. The city sat on its judgment for almost three years before undertaking the demolition, during which time Brent owned the whole thing. And in fact, the judgment stayed for 30 days. And Brady didn't even own it when the judgment became effective. But they owned it during the period, at least for a couple of days. And so it doesn't say, well, 24 hours, 48 hours is not enough time. It would seem that unless you can point to some kind of statute that says otherwise, how would you read it out? But I can understand the other argument with regard to the fact that this complaint might be fatal. If we find that the procedure that the city used, just filing a motion to get an impersonum judgment, is improper, do we need to reach whether Fannie Mae is an owner? I don't believe so, Justice. I'm sorry. If you rule that the city's mechanism for obtaining the judgment was incorrect, you don't need to reach that. And it could be litigated in a trial court in a new and separate action if that's brought. So we would just reverse or reverse remand? Reverse. Because our position is the trial court doesn't have jurisdiction to enter this kind of judgment. So there's no reason to remand. Right. I have nothing further. Thank you, Justices. Any questions? Thank you, Counsel. Thank you. May it please the Court, again, I'm Julian Henricus. I represent the City of Chicago. Mr. Henricus, your opponent argues that you don't comply with Section 1131, Section 1 of the Code. Is he correct? No. Why? He's not. Well, there are two arguments in this case. Fannie Mae contends, first, that a municipality is never entitled to obtain a judgment for the cost of the demolition in the same action in which the Court authorized the demolition, and, second, that Fannie Mae was not among the owners, which the statute intended the city to, against which the statute entitled the city to obtain such a judgment. Both contentions should be rejected. First, with respect to Fannie Mae's contention that a municipality is never entitled to obtain a judgment for the cost of the demolition in the same action in which the Court authorized the demolition. Well, I think I just heard Mr. Geisinger say that the Court can retain jurisdiction to foreclose a municipality's name in the same case. That's right. That's what the statute talks about. That's the lien, but he's not talking about the judgment. There are two different remedies for the city, two different ways to collect the judgment. One is to foreclose on the demolition lien. That's an NREM action. It's not against an owner. It's against the property. The other one is to obtain a personal judgment against the owner. In the demolition case. In the demolition case. By filing a motion. Well, the complaint in this action. Adding a complaint that doesn't even make any allegation against that owner. Well, the complaint in this action actually asks for a judgment against all defendants in the action. Okay. But I've never heard, under the Cognitive Civil Procedure, that a complaint that contains no allegation against a party as a defendant can support a judgment against that party. What are they defending? What allegation are they defending? In this case, after the foreclosure action, when Fannie Mae obtained ownership title to the property, Fannie Mae filed an appearance in this action and became a defendant in this action. Its only status is as owner, where it acknowledges that. It has conceded that. But there's no allegation in your complaint. You concede that, right? Well, the complaint asks for judgment against. Fannie Mae is what it asks for. What are the allegations in the complaint with regard to who Fannie Mae is? When the complaint was filed, Fannie Mae was not a party to the action. Fannie Mae was substituted later as a party to the action after the foreclosure completed. Fannie Mae, at the time the action was filed, Fannie Mae was not a party. They were later became a party. No, I understand all that. But the question is that they were added to the complaint later on. I understand. That's right. The question is, what are the allegations as to their connection to the case? The allegations in the complaint, you're correct, they're not. There's only one complaint in the action. Fannie Mae, we explain in our brief that they were substituted as a party. They became an owner as Fannie Mae concedes. Fannie Mae never argued in the circuit court. It acknowledged that it was an owner. It never argued in the circuit court that it was not an owner. It didn't argue in their opening brief that they were not an owner. They didn't argue in their reply brief that they were not an owner. After we explained that their status in this case is as an owner, this is the first time we've heard one word wrong, that their status in this case was not an owner. It is true that they're saying that they're not the type of owner that is entitled to, that is responsible for paying a personal judgment in this action under the statute. It's true that they say that, that they're not the type of owner, but they never denied that they had ownership in every sense of the word that anybody understands the word owner to be. Now, I want to... So why did the city dismiss Selichek and J.P. Morgan Chase? Why? Well, we certainly... As a practical matter, Fannie Mae was clearly a defendant that would be able to pay this judgment. Okay, so it's a matter of the city deciding, tag, you're it. The city is entitled to do that. In fact... Where is their joint and several liability in this statute? Well, the statute entitles the municipality, as does the ordinance. The ordinance provisions and the statute both entitle the municipality to obtain a judgment against the owner or owners. And we explain in our brief that both the statute and the ordinance, the plain language of both the statute and the ordinance, under that plain language, Fannie Mae is an owner against which we can obtain the judgment. So does Fannie Mae have the opportunity to conduct discovery about the condition of the property and who was responsible for it to bring in third parties like Selichek and J.P. Morgan Chase, who might be liable to Fannie Mae if Fannie Mae has the entirety of the demolition costs to bear? It certainly did have that authority. Fannie Mae was joined as a defendant after it obtained title to the property. During that period, Fannie Mae did not answer the complaint. Up until the time the demolition lien is filed, the demolition case is simply an expedited proceeding to allow the city to get rid of a hazardous building. That's what the case law says. That's what the statute is designed to do. It's not designed to impose personal liability on defendants for demolition costs. Fannie Mae owned this property for 10 months before the demolition actually occurred. What were the orders entered during the time Fannie Mae owned the property? What did they tell Fannie Mae to do? Fannie Mae was subject to, I can't remember all the orders that were imposed. To maintain the property as vacant. Fannie Mae defaulted on the complaint and the circuit court found it in default, ruled that Fannie Mae had thereby conceded all the allegations of the complaint, including that it had failed in its responsibility to maintain the property in safe condition, and then ruled that there would be a, that the city was entitled to demolish the building. And that goes to the ability to demolish the building. But I'll tell you, Mr. Enriquez, I've looked through the record. I don't see that default order anywhere. I don't see that order that says Fannie Mae has admitted that it failed in its obligation to maintain the property in safe condition. I don't see that. Well, Fannie Mae didn't admit that. Fannie Mae defaulted. I don't see the finding that you're referring to. The trial court, by virtue of Fannie Mae not answering the complaint, found that Fannie Mae had admitted that it failed in its duty to maintain the property in a safe condition. Well, that was certainly what the. . . I don't see that order anywhere. Oh, you don't see the order in the complaint that Fannie Mae defaulted? I don't see the order in the record. Well, I could find that order and notify the court of that order if the court would permit me to do so. At this point, I can't remember the exact order. But Fannie Mae was held in default. Fannie Mae was. . . And the circuit court ruled that Fannie Mae, by not answering the complaint, was obligated to have admitted all the allegations of the complaint. And the allegations of the complaint alleged that the defendants had failed. . . All the defendants responsible for maintaining the property had failed to do so. That the property had then become . . . was no longer remediable. Right. And that gets . . . all that does is get the municipality the authority to demolish the property. That's right. It doesn't hold anybody personally liable for those demolition costs. That's right. And Fannie Mae is liable for those costs because, as it admitted, it was an owner. Now, it happens to have been an owner during the period in which it could have remediated the property before the court actually entered an order. Again, I'm looking for any order from the court that told Fannie Mae to do anything. They have filed an appearance. Is there any order where the trial court said to Fannie Mae, do something at that property? Yeah. Fannie Mae does not argue otherwise. Has not argued in her brief otherwise. There's no argument to that effect in this case. That argument is waived. Had they made that argument, all these . . . any orders that the court would have entered, we would have cited. But they also don't order. They don't oppose our statement in our brief that they were in default for failing to answer the otherwise plead and that they were obligated. What would they have answered? There's no allegation in the complaint against them. What would they have answered? Well, they could have answered that the property is not . . . The complaint alleges that the defendants who were responsible for maintaining the property in safe condition failed to do that. They could have answered no. The property is in safe condition. We don't need to do anything because it's safe. So the city's position then is that anybody who purchased at the foreclosure sale and held the property for, what, 24, 48 hours before they sold it to somebody else is on the hook for the demolition costs. Well, of course, that didn't happen in this case. They held the property for . . . I'm just asking for your position. It is our position in this case, but the court doesn't have to go that far because in this case, Fannie Mae actually owned the property for 10 months. We would have had no one to go after who was actually responsible on the property other than Fannie Mae at that point and previous owners. Why not Selucik and J.P. Morgan Chase? As far as I know, J.P. Morgan Chase is good for the judgment. Why not keep them in the case? Well, perhaps we could have gone after them, but Fannie Mae was also responsible for the judgment. It actually was the owner, as if its name was John Doe and actually lived in the house on the property. It was the person that one would normally go after who had the primary responsibility for maintaining that property. So it's all but . . . it's certainly fair in this case for . . . And so Rachel Branton, who bought the property from Fannie Mae and held it for the 2 1⁄2 years, not 10 months, 2 1⁄2 years in which it continued to be in unsafe hazardous condition prior to its demolition, she doesn't have to pay anything. She doesn't have to pay anything. We could have joined her and perhaps obtained a judgment against her. But the city . . . the cost of going after several different defendants is not insignificant. You're saying all you have to do is file a motion. You don't have to file a new lawsuit or anything. All you have to do is file a motion. Well, that's because the complaint in this case anticipated that one possible form of relief would have been the foreclosure and sought a money judgment against the defendants who would be responsible for paying the cost of the foreclosure. The complaint anticipated that. That's why this . . . it's a manufactured argument by the plaintiff that we proceeded by way of judgment. That was the normal way one would proceed once the complaint itself actually covered the ground of alleging that if . . . The city didn't raise its ordinance in the trial court. Who? The city didn't raise its ordinance. We didn't have to. We want . . . we were the proclaiming party. This court can affirm on any ground supported by the record. We, in this case and in our brief, we argued that we were entitled to the judgment under the ordinance provisions equally as under the statute. And the ordinance provisions don't have any provision like subsection G of the statute. There was no even . . . there was no even possible reading that we would be obligated to seek our money judgment in a separate action. We were entitled . . . If the ordinance doesn't have an enforcement provision in it, the city has to look to the statute to enforce. Well, under the . . . under city's home rule authority, when the ordinance and the statute are different, the ordinance trumps the statute. Now, it's true that there has to be an enforcement mechanism. But many statutes that create causes of action don't have enforcement mechanisms. And when a statute doesn't have an . . . or an ordinance doesn't have an enforcement mechanism, the mechanism that would normally apply is Article II of the Code of Civil Procedure, where you file a complaint, case gets assigned to a judge, judge makes all the rulings, there can . . . there may or may not be discovery, final judgment is entered, and all the rules concerning how to enforce a judgment is Article II of the Code of Civil Procedure. That is the way we pursued the money judgment against Fannie Mae. We didn't . . . it's true that the statute mentions it, the ordinance doesn't, but the ordinance didn't have to mention it. That is normally the way one would proceed by following that Article II of the Code of Civil Procedure. Now, with respect to . . . so the ordinance doesn't have the . . . doesn't have the language that Fannie Mae relies on, subsection G, that they rely on as their impediment to the city's proceeding in this action. The ordinance also is simpler with respect to whether or not Fannie Mae was an owner of the property. So you're saying G goes away. G goes away. And then the basis of that is the ordinance is silent, so G goes away. The ordinance is silent, so G goes . . . It should be just the absence of C.G.B. Wouldn't that make sense? If the ordinance doesn't fill the gap, if the ordinance and the Home Rule powers don't say what to do, then we have to go to the statute. No, under Home Rule law, and the Palm case that we cite in our brief mentions this, when the ordinance and the statute differ . . . They don't differ. One is silent. It doesn't differ. Well, that's not a difference. That's silence with respect to enforcement. In our view, the absence of G means that without G, one would normally read the ordinance and the statute, if G didn't exist, as certainly allowing the city to proceed in the same action. Now, we explain in our brief that G, when properly read, does not require the city to proceed in a separate action. It permits the city to proceed in a separate action in certain circumstances. The reason that G exists is because when a court enters a demolition order, and then it has the authority and may enter a judgment for the demolition costs . . . The court has to have personal jurisdiction to enter a judgment for the demolition costs. It doesn't have to have personal jurisdiction to enter a judgment for the demolition . . . to order the demolition itself. There needs only to have been a 15-day notice given to the owners in advance. But once the demolition is entered, the court has to have jurisdiction over the owners in order to obtain the judgment. Let's go to your complaint. The complaint . . . the relief in the complaint. It's one line. Assessing civil penalties against any dependent owner of the subject property in the maximum amount per day for each day of violation. That's it. That's the only thing you were asking for in the complaint. So, there's nothing about demolition costs. Nothing . . . that is not an issue that was before the court at that time. So, I'm just looking at your complaint. Let's see. The . . . A-28-B. Authorizing the city to demolish, repair, and clean up the subject property. The costs of which are to be assessed as a judgment against the defendant and as a lien against the subject property. So, paragraph B in the relief requested section of count one does ask for a monetary judgment against the defendants for the cost of the demolition. So, we did request that. But it's an alternative. So, it's not asking for both. If you're asking an alternative, that doesn't mean you're asking for both. That is among the relief that we requested. But it's an alternative. But it's the relief . . . and it's the relief that the court ordered. The court . . . the circuit court chose to order that relief that was requested in count one of the complaint. We were entitled to do that. And, just skipping forward, Fannie Mae is also under both the statute . . . plain language of both the statute and the ordinance. An order against which we could obtain that judgment. Even though it was never pledged? The . . . well, pledged against the defendants who were responsible. We joined Fannie Mae as a defendant when they obtained ownership of the property. Fannie Mae acknowledges that they were an owner of the property. They never, in the circuit court, argued they were not the owner. They never, in their opening brief in this case, argued that they were not the owner. They didn't argue it in the reply brief. We hear it for the first time, out of their mouth, in the court today. The . . . with respect to . . . now, the language of the ordinance, again, as to whether or not Fannie Mae falls within the definition of owner, is similar, again, than the statute. The language specifically says that the owners are any owner who, at any time during the period that owned it . . . at any time during which there was a violation on the property . . . and, of course, Fannie Mae owned this property for ten months . . . was found to be liable when the court entered the default judgment and held that Fannie Mae, by defaulting, had . . . held that all the allegations of the complaint had been established against them. Does Fannie Mae have any due process rights with regard to the demolition costs? Any due process rights? No, because they . . . the court had personal jurisdiction over them. They had all the avenues available to any defendant in the circuit court. Had they answered . . . they could have . . . had they answered an otherwise plead, they could have sought anything they wished. They could have sought discovering the action. They could have . . . in their answer, they could have denied that there was any problem with the subject property. They could have defended it to the hill. They didn't do anything. They were held liable and the court found that because they hadn't . . . they were held in default and because the court found that they had not answered the complaint, it held that they were responsible for . . . that all the allegations of the complaint were established against them. So, under your argument, if I understand correctly, and tell me if I'm wrong, Craig, Section G of the statute just doesn't apply. Well . . . If it applies, I don't see how you . . . Well, under the ordinance provisions, it doesn't apply. But, under the statute, if the . . . we believe that under the statute, we would, too. Feynman argues that subsection G requires that if we want to seek a judgment for a demolition cause, we must seek it in a separate action. That's right. We need subsection G to just permit us to . . . No, it permits it because you have an alternative, a foreclosure and a lien and then we have action. So, you have options. That's why it's in the alternative. We believe that it permits us whether or not we do so. Now, if . . . and G is very important in certain kinds of cases where we . . . If we had not obtained personal jurisdiction over Fannie Mae, then the circuit court could not have entered the personal money judgment in this action against Fannie Mae. We would have had to have brought a new action and obtained service on them so that the court had personal jurisdiction and then it could have entered a personal money judgment. But in this case, the court did have personal jurisdiction over Fannie Mae. It didn't need to . . . it was permitted to enter the personal money judgment in this action. G allows the court to . . . G permits the municipality if it has not obtained personal jurisdiction over the owner. And we're not. We may wish to rush into court to get the demolition because it's a very unsafe building, obtain it quickly without getting personal jurisdiction. In that case, we would then not be able to seek the money judgment in that action. We'd have to file another action to do it and get service on Fannie Mae. That didn't happen in this case. But you're creating a scenario that's not in the statute. I mean, you can come up with a lot of scenarios, but the statute doesn't say, well, in the case where you don't have personal jurisdiction, then G applies. No, but I'm trying to . . . what I'm doing is I'm accounting for why . . . Well, you're creating a . . . what you're doing is reading into a statute words or a procedure that's not there. It doesn't say what you say it says. You can do it that way, I understand, but it's not that narrow. It's the reason why the proper reading of subsection G is that it simply permits the municipality to enter a personal money judgment regardless of whether or not the . . . a lien is foreclosed. That's . . . G doesn't exist as an alternative to the lien procedure. Subsection G in the statute exists in order to make it clear to everyone that the municipality has the choice to seek its money judgment either in the same action in which the demolition was authorized or in a separate action. Even though it doesn't . . . you're putting words in G. All I see in G is in any case where the municipality has obtained a lien under subsection A, the municipality may also bring an action for money judgment against the owner and owner. That's right. It simply gives that authorization. Right. It doesn't mean that the city doesn't have the right to do it anyway. It doesn't require the city to bring it in a separate action. That language contains no action . . . Well, where does it say you can bring up by motion? Well, the motion . . . It's authorized that you can bring a motion. The motion is a sideshow because the complaint requested the money damages in the event that the ruling was a demolition. Once we got the demolition order, once the city obtained the demolition order, the city needed to seek the relief for the money judgment in that action in some fashion. Motion would be the way to do it. Court, we are now seeking in this action as we requested in our complaint . . . That's what our motion did. Court, we are now seeking in this action as our motion requested the entry of a money judgment against Fannie Mae. Which is not anywhere in the statute except for G. Well . . . If you look at the statute, A and C, it talks lean, lean, lean, lean. We're not talking lean here. We're talking money judgment. That's right. And so what you're doing, one way to argue it is you're reading something in there. It doesn't say anything about motion. It said if you want to get a money judgment, you don't want to go the lean route, then you're going to have to file a separate action under Article 3. Well, Subsection A . . . As you answer the question, why don't you bring your argument to a conclusion? Subsection A authorizes us to obtain a money judgment. Subsection A authorizes. Subsection G must be read with A. Subsection G simply addresses a circumstance under which we may do it in a separate action. It doesn't prevent us from pursuing it in the same action when the process is satisfied because we have personal jurisdiction over the owner. We request the court to affirm the judgment of the circuit court. Thank you, Mr. Lucas. Mr. Dysinger, do you want some brief rebuttal? Yes, please. Thank you, Justices. I just had a few comments in rebuttal. The city argued now that Fannie did not argue either in the trial court or in its briefs that it was not an owner, and that's not true. On page C-59 of the record in the trial court, the first paragraph, it says that as previously stated, Fannie Mae is not an owner of the real estate, and the current owner, Rachel Branton, has never been joined. Statute only permits the city to obtain a money judgment against the owner of the real estate, and therefore the city's request for a judgment against Fannie Mae is beyond the relief available by statute. That's right in the trial court record, C-59. Section 2 of Fannie Mae's opening brief argues similarly. Section 3 of the reply brief argues that Fannie Mae is neither an owner nor a previous owner as defined by the statute. So for the city to assert that Fannie waived this argument by not raising it is just not right. As for the questions about the content of the trial court record, I had an opportunity to look through the record while we were seated, or while I was seated. On page C-47 of the record is an order dismissing other defendants other than Fannie Mae. Page C-38 of the record is the order that joins Fannie Mae, and page C-44 of the record is a demolition order. None of those orders finds Fannie Mae to be in default. As to the city's argument that the municipal ordinance of the city of Chicago eliminates the city's need to comply with the Code of Civil Procedure, I don't believe that's accurate either. The municipal code, section 13-12-130, says that if you give 15 days notice, which the city alluded to, then corporation counsel is authorized to apply to the circuit court of Cook County for an order authorizing the city to demolish, repair, enclose, or require the owner to demolish, repair, or enclose the structure. So when you bring into action under section 12-130 of the municipal code, you still have to go to the trial court in the circuit court. You still have to get personal jurisdiction. That's what section 2-206 of the code is for. If you can't find the owner, you need to get personal jurisdiction over him to join him as a party, then you can publish on him. You don't need to get individual service process. Finally, there was some discussion as to whether J.P. Morgan Chase might be found liable. In the complaint for the demolition costs, I should say, in the complaint it was alleged that J.P. Morgan Chase was a mortgagee of the property, which they were. But to affix liability for the demolition costs on J.P. Morgan Chase would stretch the mortgagee's responsibilities beyond that of those implied or expressly stated by law. Just because they own a lien in the property doesn't make them responsible for the demolition costs. If the city perfected its demolition lien, the demolition lien would have priority over Chase's mortgage, but Chase wouldn't be on the hook for demolition costs. So for all the reasons there stated and for all the reasons previously stated, I ask that the court reverse the judgment after against me. Thank you very much, counsel. Mr. Dysinger, Mr. Leakes, I want to compliment the two of you on your arguments and on your briefs. This matter will be taken under advisement and the court stands in recess.